THE STATE OF MISSOURI, Appellant, v. JOHN EMBERTON, Respondent.

**Kansas City Court of Appeals, April 27, 1891.**

Information: AMENDMENT CHARGING DIFFERENT OFFENSE. E. was arrested under an information, charging him with a violation of the local-option law. An amended information was filed, charging him with a violation of the dramshop law. *Held*, it should be quashed as charging a different offense from the original information.

*Appeal from the Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*D. M. Wilson* and *J. M. Wattenbarger*, for appellant.

(1) The original information charged an offense known to the law, and was sufficient in form. Laws, 1887, p. 179, *et seq.; State v. Searcy*, 39 Mo. App. 393; *State v. Hutton*, 39 Mo. App. 410. (2) An information may be amended in matter of form or substance at any time by leave of court before trial. R. S. 1879, sec. 1766. (3) The amended information charged an offense in the language of the statute, and was sufficient. R. S. 1879, secs. 5437, 5449; *State v. Rogers*, 39 Mo. 431; *State v. Ream*, 61 Mo. 82; *State v. Jacques*, 68 Mo. 260; *State v. Braun*, 83 Mo. 481; *State v. Walker*, 24 Mo. App. 679. (4) The court should have treated all the allegations of the original information relating to the adoption, etc., of the local-option law as surplusage, and allowed the amended information to stand. *State v. Searcy*, 39 Mo. App. 393; *State v. Phipps*, 34 Mo. App. 400; *State v. Barr*, 30 Mo. App. 498; *State v. Suess*, 20 Mo. App. 423.

*Jno. P. Butler*, for respondent.

( 1 ) The original information did not charge an offense, other than the violation of the local-option act. (2) While it is true that an information may be amended before the trial by leave of the court, in matter of form or substance, such amendment must be germane to the charge already pending. If the local-option act was in force, then the dramshop act was not. On the contrary, if the dramshop act was in force, then the local-option law was not. This case presents a different issue from one where there are several general acts in force. If the local-option act was in force, the defendant was punishable under the provisions of that law only. If the dramshop law was in force, he was punishable, if at all, under the provisions of that act. Under such circumstances, it is idle to say that the lesser offense is included in the greater, for such can only be true when two criminal statutes are coexistent and in force at one and the same time. If the local-option act was not in force, then the information filed against him under that act was a mere nullity. If it was, there was nothing to amend, and the filing of the so-called amended information was without warrant or authority of law.

ELLISON, J.—The defendant was arrested under an information charging him with a violation of the local-option law, chapter 56, Revised Statutes, 1889, in Sullivan county. The prosecuting attorney filed an amended information charging a violation of the dram-shop law in selling liquor in less quantity than one gallon without having a license therefor. This amended information was, on motion of defendant's attorney, quashed, and the state appeals, presenting such action as the sole complaint.

We will sustain the ruling of the circuit court. The offense charged in the amended information is not the offense charged in the original, and though they both

relate to the sale of liquors, the legal offense cannot possibly be the same under the provision of the two laws. If the local-option act was in force in Sullivan county, there could be no offense against the dramshop law, and *vice versa*. Both laws cannot be in force at the same time in the same county. Assuming that the amended information was filed for the reason that the local-option law was not in force, then the original information charged no offense whatever, and the amended one sets up an offense affirmatively appearing to be different from that charged in the original.

Revised Statutes, 1889, section 4331, permit an information to be amended, but it was not intended thereby to authorize the charge of an offense under one law to be changed to a charge of an offense under another and totally different law. The judgment is affirmed.