STATE OF MISSOURI, Defendant in Error, v. W. S. JEN-
KINS, Plaintiff in Error.

**St. Louis Court of Appeals, February 18, 1902.**

1. **Information: AMENDMENT OF: CRIMINAL PRACTICE.** The
   case at bar is not distinguishable from State v. Emberton, 45
   Mo. App. 56, in which it was held that an information could not
   be amended by filing a substituted information charging an offense
   different from the one charged in the original information.

Appeal from Texas Circuit Court.—*Hon. Leigh B. Woodside,*
Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Robert Lamar* for appellant.

(1) The motion to quash the information should have
been sustained, because the second information was not an
amended information, but an entire substitution. The first
information was a perfect charge under the merchant's law
and was not susceptible of amendment. The second informa-
tion charged an offense under the dramshop law. While the
law is liberal as to amendments, it does not permit a substi-
tution. It is only when there is a defect in the information,
that an amended one can be filed. R. S. 1889, sec. 4331;
State v. Emberton, 45 Mo. App. 56. This case is squarely in
point, and the last sentence therein construes section 4331,
Revised Statutes 1889, and supports the contention of appel-
lant. This is the only reasonable construction that can be
placed on this section. Under this statute, if there is a defect
in the information, the same may be amended at any time
before the case is finally submitted to the justice or jury. If

a substitution were allowed, then, after the trial had begun, and it was too late to secure witnesses and prepare a defense thereto, a new and different charge could be presented. We submit that this section only permits the filing of an amended information, in correction of some error or defect in the original. Even under the liberal rule which obtains in civil cases, amended pleadings which state a different cause of action from the original are not allowed. Heman v. Glann, 129 Mo. 325; Lumpkin v. Collier, 69 Mo. 170; Holliday v. Jackson, 21 Mo. App. 660; Pruett v. Warren, 71 Mo. App. 84. (2) Under the evidence, the court should have found defendant not guilty. If defendant was a merchant he could not be proceeded against for a violation of the dramshop law. State v. Williams, 69 Mo. App. 286; State v. Williams, 69 Mo. App. 284; State v. Alexander, 73 Mo. App. 605. (3) The statute (R. S. 1889, sec. 6894), defines who is a merchant. If he has no license he subjects himself to a prosecution, but if he "deals in the selling of goods, wares and merchandise, at a stand or store occupied for that purpose" he is a merchant. His being a merchant in truth and in fact, and as defined by the statute, is in no sense dependent on his having a license. State v. Whittaker, 33 Mo. 457. But we insist that the evidence establishes that defendant had a license, at the time of the alleged sale, and its being destroyed ought not to deprive him of its protection. (4) The second declaration of law asked by defendant correctly declares the law and should have been given. We do not controvert the doctrine that under the dramshop law proof of a sale makes a prima facie case, and that the burden is on defendant to show a license. This, however, it will be seen by an examination of the authorities on which this rule is based, only relates to which side (State or defendant) must make this proof and not to the extent or amount of proof required. Wheat v. State, 6 Mo. 455; Schmidt v. State, 14 Mo. 137. (5) This rule does no more than entitle the State to a conviction, in the entire absence of any proof of a license.

Defendant must furnish this evidence because peculiarly within his knowledge. When he has done so, its weight and effect is for the jury and defendant is entitled to the benefit of a reasonable doubt which this evidence might create. This is certainly correct in principle and authority.

No brief for respondent.

BLAND, P. J.—On the twenty-ninth day of March, 1898, one W. F. Cunningham filed an affidavit before S. P. Higgins, a justice of the peace of Sherrill township, in Texas county, Missouri, charging the defendant with selling liquor in violation of the merchant's law. A warrant was issued, the defendant arrested and the case set for April 7, 1898.

On April 7 the prosecuting attorney filed with said justice his information charging that the defendant "on the nineteenth day of March, 1898, at the said county of Texas, being then and there a merchant, and having merchant's license for dealing in goods, wares and merchandise, did then and there unlawfully sell vinous, fermented and spirituous liquors in less quantity than five gallons, to-wit, one-half pint of whiskey," etc.

A change of venue was then taken by the defendant and the case sent to H. W. Thurmond, another justice of the peace of the same township, who proceeded to try the case on the same day. Before doing so, however, the prosecuting attorney filed an amended information together with an amended affidavit, sworn to by said Cunningham, which charged, both in the affidavit and in the information, the defendant with having, on the same day set out in the original information, violated the dramshop law by then and there unlawfully selling intoxicating liquors in less quantities than three gallons, etc., without taking out or having a license as a dramshop keeper, or any other legal authority to sell the same. This amended information and amended affidavit, though mentioning in the caption that the case was pending before S. P. Higgins, and

the affidavit being sworn to before S. P. Higgins, were not filed until after the transcript had reached Esquire Thurmond and the papers were filed by him and so noted in his docket.

The case was then continued, on motion of the justice, until April 8, when a jury was called, the defendant tried and found guilty and fined forty dollars and an appeal taken in due time to the circuit court of Texas county.

At the May term, 1898, an order was made by the court for the justice to perfect his transcript, and case continued until November term. At the November term the case came on to be heard and the defendant filed his motion to quash the information, which motion was as follows, omitting caption:

"Now comes the defendant and moves the court to quash the amended information filed herein for the following reasons, to-wit: First, because the original affidavit filed by the prosecuting witness, W. F. Cunningham, before S. P. Higgins, J. P., and the first information filed by the prosecuting attorney before S. P. Higgins, based upon the affidavit of said W. F. Cunningham, both charged the defendant with the violation of the merchant's law, section 6915, of chapter 111, Revised Statutes, and the amended affidavit filed by the said W. F. Cunningham and the information filed by the prosecuting attorney based thereon, which amended information was filed before one H. W. Thurmond to whom said cause had been sent by change of venue, charged the defendant with the violation of the dramshop law, chapter 56, Revised Statutes 1889, as amended in 1891, and charged an offense wholly different and distinct from that charged in the original affidavit and information, and intended the case to be a continuance of the first case. Second, because the justice before whom said cause originated has no jurisdiction to try the defendant for the violation of the dramshop law."

The motion to quash was overruled and the defendant was put upon trial, which resulted in a verdict of guilty and a fine

of forty dollars.  From this conviction defendant duly appealed.

In respect to the amendment of the information, this case is not distinguishable from State v. Emberton, 45 Mo. App. 56, in which it was held that an information could not be amended by filing a substituted information, charging an offense different from the one charged in the original information.  On the authority of the Emberton case the motion to quash the amended information should have been sustained.

The judgment is reversed and the defendant discharged. *Barclay* and *Goode, JJ.,* concur.