State v. Mayer.

Finding no error in the record proper, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.

## THE STATE v. JOSEPH MAYER, Appellant.

**Division Two, February 18, 1908.**

1. **INFORMATION: Receiving Stolen Property.** An information for receiving stolen property knowing the same to have been stolen, which charges defendant with receiving the property "then and there well knowing the said goods, chattels and personal property to have been taken and carried away" from the owner "with the intent on the part of the thief, as aforesaid, to permanently deprive the owner . . . of the use thereof," is invalid, since it does not allege that the defendant knew at the time that the property had been stolen, or that the taking was with the intent to convert the property to the taker's use. Had the averment been in the language of the statute, that is, that defendant received the property knowing the same to have been stolen, it would have been good; but the words "to permanently deprive the owner" of his property do not necessarily mean that a crime of any kind has been committed, while the word "stolen" means that a larceny or theft has been committed.

2. ————: **Second Information: Suspension of First.** Where, after the filing of an information, a second information is filed, charging identically the same offense and based upon the same alleged criminal transaction, the second information operates as a suspension of the first, and a defendant cannot be tried upon said first information while the second remains undisposed of.

Appeal from St. Louis City Circuit Court.—*Hon. C. Orrick Bishop,* Judge.

REVERSED AND REMANDED.

*Thos. B. Harvey* and *Chester H. Krum* for appellant.

. (1) The information upon which defendant was tried states no offense and is fatally defective in fail-

ing to allege that he knew that the property was stolen. The allegation fails utterly to charge the defendant with the knowledge that the property was stolen, and charges only that he knew that the property had been taken and carried away from the owner. And even if it is claimed that the allegation goes further and charges that he knew with what intent it had been taken and carried away, yet that is alleged to be merely an intent "to permanently deprive the owner" of said property. It is not alleged that he knew that it had been feloniously taken and carried away, or with an intent to steal it, or without the consent of the owner. Sec. 1916, R. S. 1899. (2) The court was without power or jurisdiction to try the defendant upon the first information while a second information was pending charging the defendant with the same offense. Sec. 2522, R. S. 1899; State v. Taylor, 171 Mo. 465; State v. Williams, 191 Mo. 205; State v. Melvin, 166 Mo. 572.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The information, which was accompanied by the affidavit of the assistant circuit attorney, was sufficient in form and substance. State v. Sakowski, 191 Mo. 638; State v. Fink, 186 Mo. 50; R. S. 1899, sec. 1916.

BURGESS, J.—On the 9th day of November, 1906, under an information filed by the assistant circuit attorney of the city of St. Louis, the defendant was convicted in the circuit court of said city of the crime of receiving stolen property knowing the same to have been stolen, and his punishment assessed at imprisonment in the penitentiary for a term of two years. In due time thereafter defendant filed motions for a new trial and in arrest, which having been overruled by the court, defendant appealed.

It appears from the record that on the 28th day of October 1905, there was filed in the office of the clerk of the circuit court of said city an information which, omitting the formal parts, is as follows:

"Richard M. Johnson, assistant circuit attorney in and for the city of St. Louis aforesaid, within and for the body of the city of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows:

"That Joseph Mayer, on or about the nineteenth day of August, in the year of our Lord one thousand nine hundred and five, at the city of St. Louis aforesaid, three coils of number ten bare copper wire of the weight of three hundred and thirty pounds, and nine coils of number twelve bare copper wire of the weight of six hundred and seventy-five pounds, all of the value of one hundred and eighty dollars, of the goods, chattels and personal property of the Western Electric Company, a corporation, then lately before feloniously stolen, taken and carried away from the said the Western Electric Company, a corporation as aforesaid, with the intent on the part of the thief to permanently deprive the owner, the Western Electric Company; a corporation as aforesaid, of the use thereof, feloniously and fraudulently did from the said thief buy, receive and have; the said Joseph Mayer then and there well knowing the said goods, chattels and personal property to have been taken and carried away from the said the Western Electric Company, a corporation as aforesaid, with the intent on the part of the thief, as aforesaid, to permanently deprive the owner, the said Western Electric Company, a corporation as aforesaid, of the use thereof; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Thereafter, on March 24, 1906, a second information was filed against the defendant, charging iden-

tically the same offense and based upon the same alleged criminal transaction, and having endorsed thereon the same witnesses, which said second information, omitting caption and verification, is as follows:

"Arthur N: Sager, circuit attorney in and for the city of St. Louis aforesaid, within and for the body of the city of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows:

."That Joseph Mayer, on or about the nineteenth day of August in the year of our Lord one thousand nine hundred and five, at the city of St. Louis aforesaid, three coils of number ten bare copper wire of the weight of three hundred and thirty pounds, and nine coils of number twelve bare copper wire of the weight of six hundred and seventy-five pounds, all of the value of one hundred and eighty dollars, of the goods, chattels and personal property of the Western Electric Company, a corporation, then lately before feloniously stolen, taken and carried away from the said the Western Electric Company, a corporation as aforesaid, with the intent on the part of the thief to permanently deprive the owner, the Western Electric Company a corporation as aforesaid, of the use thereof, feloniously and fraudulently did from the said thief buy, receive and have, the said Joseph Mayer then and there well knowing the said goods, chattels and personal property to have been stolen, taken and carried away as aforesaid, with the intent on the part of the thief as aforesaid to permanently deprive the owner, the Western Electric Company, a corporation as aforesaid, of the use thereof; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

This second information remained pending from the time it was filed, on March 24, 1906, until it was nolle prosequied on August 5, 1907. While it was pend-

ing the defendant was placed upon trial and convicted under the aforesaid first information, and the record shows that the sufficiency of said first information was duly challenged by defendant in his motion in arrest of judgment.

Defendant insists that the first information, being the one under which the conviction was had, states no offense and is fatally defective in that it does not allege that the defendant knew that the property was stolen at the time he is charged with receiving it, the charge being that ''Joseph Mayer, then and there well knowing the said goods, chattels and personal property to have been taken and carried away from the said the Western Electric Company, . . . with the intent on the part of the thief, as aforesaid, to permanently deprive the owner, the said Western Electric Company, a corporation as aforesaid, of the use thereof.''

It will be seen that the information does not allege that the defendant knew at the time that the property had been stolen, or that the taking was with the intent to convert the property to the taker's use. The statute is leveled at any person who shall buy or in any way receive any goods or personal property of any value whatever from another, knowing the same to have been stolen; not that he knew it to have been taken and carried away with the intent on the part of the thief to permanently deprive the owner thereof. The word ''stolen'' means that a larceny or theft has been committed, while the words ''to permanently deprive the owner'' of his property may not necessarily mean that a crime of any kind has been committed. Had the averment been in the language of the statute, that is, that the defendant received the property knowing the same to have been stolen, it would have been good and in accordance with approved precedents. [State v. Guild, 149 Mo. 370; Bishop's Directions and Forms

(2 Ed.), sec. 916; Kelley's Criminal Law and Practice.]

Our conclusion is that the information is invalid.

Defendant further insists that the court was without power or jurisdiction to put him upon trial upon the first information while the second information, charging him with the same offense, was pending.

Section 2522, Revised Statutes 1899, is as follows:

"If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

In State v. Williams, 191 Mo. 205, the prosecution was begun upon an information filed on the 16th day of June, 1904. On the 13th day of September, 1904, the prosecuting attorney filed another information against the defendant charging him, in two counts, with felonious assault, by shooting William Trammell with a rifle. Thereafter, on the 29th day of March, 1905, the defendant filed a motion to quash the first information, which motion was overruled. On the 30th day of March, 1905, there was filed a demurrer to the second information upon grounds therein stated, and the same was overruled. There was also filed on March 30, 1905, a motion by defendant asking the court to require the prosecuting attorney to elect on which count in the information he would proceed to trial. This motion was also denied, and the trial proceeded upon the second information while the first information still remained undisposed of. The defendant in the case insisted that the trial court committed error in refusing to sustain the motion to quash the first information upon the filing of the second. Fox, P. J., speaking for this court, said:

"The defendant could not be tried upon the first information, so long as the second was pending un-

quashed.    Under the provisions of section 2522, Revised Statutes 1899, it was a matter of no consequence to the defendant whether the court quashed or refused to quash the first information, for its force and vitality was suspended by the filing of the second information, and such suspension remained so long as there was no disposition of the second information."

In State v. Melvin, 166 Mo. l. c. 572, it was held, GANTT, J., speaking for the court, that the finding of a second indictment for the same offense, if the first was not thereafter quashed, merely suspends the first, to which "new life and validity may be imparted by the removal of the obstacle which caused the suspension, to-wit, the second indictment, as was done in this case by quashing the second."

Our conclusion is that the judgment should be reversed and the cause remanded both upon the ground of the invalidity of the information and of its suspension at the time defendant was tried and convicted thereunder.    It is so ordered.

All concur.