STATE OF MISSOURI, RESPONDENT, v. EVERETT FLETCHER, APPELLANT.
—51 S. W. (2d) 170.

Springfield Court of Appeals. June 15, 1932.

No briefs by either side in this court.

COX, P. J.—Defendant and three other parties were charged by information in the circuit court of Douglas county with the offense of illegally manufacturing intoxicating liquor. An amended information was filed in which this defendant alone was charged with possession of intoxicating liquor. Defendant filed a motion to quash the amended information on the ground that "The same is a total departure from the original information and states a different cause of action." This motion to quash was overruled and defendant saved exceptions thereto. A jury was then waived and defendant tried before the court who found him guilty and assessed punishment. Defendant appealed.

The motion for new trial alleges that the court erred in overruling defendant's motion to quash the amended information and that the evidence was not sufficient to sustain a conviction.

Our statute, section 3564, Revised Statutes 1929, provides that an information may be amended but the amended information must not charge a different offense from that charged in the original information. In State v. Hancock, 320 Mo. 327, 7 S. W. (2d) 273, it was held that transportation of intoxicating liquor was a separate and distinct offense from possession of intoxicating liquor. Manifestly, then, manufacturing intoxicating liquor and its possession are separate and distinct offenses. Hence, the amended information in this case which changed the charge from manufacturing to possession of intoxicating liquor could not be permitted to stand for the reason that it charged a different offense from that charged in the original information.

That being true, the court erred in overruling defendant's motion to quash the amended information. If it were thought best to prosecute this defendant separately on a charge of possession of intoxicating liquor, the charge of manufacturing liquor should have been dismissed as to him and a new charge of possession of intoxicating liquor started as a new case or a new case might have been started against this defendant without any action relative to the original information at all, but his trial upon a charge of possession of intoxicating liquor could not be brought about in the original case by filing an amended information as we have above stated.

The point is made that the evidence is not sufficient to sustain a judgment of conviction. Our holding on the question already decided renders it unnecessary for us to pass upon the sufficiency of the evidence.

The judgment will be reversed and the cause remanded with directions to set aside the order overruling the motion to quash the amended information and enter an order sustaining it. *Bailey* and *Smith, JJ.,* concur.