[1] This is an appeal by the State of Missouri from a judgment of the circuit court of St. Clair County sustaining a motion to quash and dismissing an amended information filed by the Prosecuting Attorney. The amended information charged that the respondents.
[2] "* * * on the 2nd day of July, 1948, at the County of St. Clair and State of Missouri, did willfully, unlawfully and in violation of Sections Nos. 18, 26, 39 and 42 of the Wildlife and Forestry Code of the Conservation Commission of the State of Missouri, pursue, entrap, catch and take fish, to-wit, a certain number of carp, buf(f)alo and drumfish from the waters of the Osage River by means of hoop-nets, so placed in said river as toobstruct the free passage of fish and contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."
[3] The original information was exactly in the language quoted above except it did not contain the part italicized. The court permitted the amendment to be made by interlineation. The question is, did the court commit error in sustaining the motion to quash? We have carefully read the sections of the Wildlife and Forestry Code for 1948 referred to in the information.
[4] Section 18 relates to reciprocity agreements between Missouri and boundary *Page 134 
states as to resident owners and tenants of lands which lie between the main channels of a river forming a common boundary and the mainland of that state.
[5] Section 26 provides that these regulations permitting the pursuit and taking of wildlife shall not extend to any area of land or water established by the Commission as a wildlife management area and so posted; provided that wildlife may be taken under such conditions as the Commission may prescribe after giving notice thereof by posting.
[6] Section 39 provides that, unless provided otherwise by regulations, fish may be taken with the aid of rods, lines, floats, sinkers, artificial lures, hooks, bait except game fish, and boats or other floating craft propelled by hand, sail, or motor. It then describes the kind and amount of tackle to be used.
[7] Section 42 specifies where commercial fishing may be engaged in and the kind of apparatus (including hoop-nets) that may be used. It refers to the Missouri River, Mississippi River and part of the St. Francis River.
[8] None of these sections contain any prohibition against pursuing, entrapping, catching or taking carp, buffalo and drum fish in the Osage River as charged in the original information.
[9] However, the specific reference in the information to these sections may be treated as surplusage, 42 C.J.S., Indictments and Informations, § 138, page 1034, if there is another statute or regulation under which a criminal offense is charged.
[10] Section 26, Laws of Missouri, 1945, page 671, Mo.R.S.A. § 8971.26, is as follows:
[11] "No wildlife shall be pursued, taken, killed, possessed or disposed of except in the manner, to the extent and at the time or times permitted by such rules and regulations; and any pursuit, taking, killing, possession or disposition thereof, except as permitted by such rules and regulations, are hereby prohibited. Any person violating this section shall be guilty of a misdemeanor."
[12] The word "wildlife" is defined to include fish. Laws of Missouri, 1945, Sec. 3(b) page 665, Mo.R.S.A. § 8971.3(b). We have examined the Wildlife Forestry Code, which contains the rules and regulations of the Conservation Commission and we find no provision permitting anyone to pursue, entrap, catch and take fish by means of a hoop-net in the Osage River. Therefore we are constrained to hold that the original information in this case charged an offense under Section 26.
[13] After the amendment referred to was made, it charged two offenses, the amendment causing it to also charge an offense under Sec. 18, Laws of Missouri, 1945, page 669, Mo.R.S.A. § 8971.18. The amended information therefore charges two separate offenses in the same count, is duplicitous and subject to a motion to quash. State v. Kellmann, 343 Mo. 762, 123 S.W.2d 70; State v. Brown, 317 Mo. 361, 296 S.W. 125. If it should be argued that that portion of the amended information charging an offense under Section 26 supra, could be treated as surplusage, then it charges an entirely different offense from that of the original.
[14] Section 3953, R.S.Mo. 1939, Mo.R.S.A., provides in part as follows:
[15] "An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an offense different from that charged or attempted to be charged in the original information * * *"
[16] A motion to quash or a demurrer should be sustained where an amended information charges an entirely different offense from the original. State v. Wright, Mo.Sup., 95 S.W.2d 1157; State v. Fletcher, 227 Mo.App. 321, 51 S.W.2d 170. State v. Boggs, Mo.App., 49 S.W.2d 269; State v. Walton, 255 Mo. 232, 164 S.W. 211; State v. Jenkins, 92 Mo.App. 439; State v. Emberton, 45 Mo.App. 56.
[17] The judgment of the trial court in sustaining the motion to quash should be affirmed. It is so ordered.
[18] BLAIR and McDOWELL, JJ., concur. *Page 386