STATE of Missouri, Respondent,

v.

Robert Louis THOMPSON, Appellant.

No. 50728.

Supreme Court of Missouri,

Division No. 2.

July 23, 1965.

Robert W. Schroff, Mann, Walter, Powell, Burkart & Weathers, Springfield, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

EAGER, Presiding Judge.

On this appeal we consider the propriety of an order overruling defendant's motion to vacate the judgment of his conviction and a sentence of twenty years. No hearing was held, but the questions which we determine here are purely of law. It is necessary to state in some detail the proceedings of record. The motion to vacate was filed on December 19, 1963, and overruled on January 8, 1964. The original notice of appeal was late, but this court granted leave to file a notice of appeal under Rule 28.07, V.A.M.R., and such was filed.

Defendant was arrested on a warrant stating the charge against him as attempted robbery; the felony complaint charged the attempted robbery of one Murreldean May Archer. Defendant first waived a preliminary hearing and was bound over to the Circuit Court; there, on March 30, 1961, an information was filed charging that defendant did " * * * wilfully, unlawfully and feloniously, make an assault in and upon one Murreldean May Archer, and did then and there attempt to rob and take from her person valuable property in the presence of and against the will of the said Murreldean May Archer, by putting her in fear of some immediate injury to her person, and did then and there fail in the perpetration thereof, * * *." On the same day defendant, by counsel, moved to have the cause remanded to the Magistrate Court for a preliminary hearing, and it was so remanded. A preliminary hearing was held and defendant was again bound over to the Circuit Court on May 4, 1961. The State's brief states that the original information was then refiled in the Circuit Court on May 5, 1961, and we shall assume this to be the fact, although the refiling is not shown in our transcript. On August 28, 1961, an amended information was filed charging defendant with assault with malice with a dangerous and deadly weapon; we quote the following from that document: " * * * did then and there in and upon one Murreldean May Archer, feloniously, on purpose and of his malice aforethought, make an assault and did then and there, on purpose and of his malice aforethought, feloniously assault, beat, wound and stab, the said Murreldean May Archer, with a knife, which was then and there a dangerous and deadly weapon likely to produce death and great bodily harm, which knife he, the said Robert Louis Thompson, then and there had and held in his hand, with intent then and there, the said Robert Louis Thompson, on purpose and of his malice aforethought, feloniously to rob the said Murreldean May Archer, * * *."

The case was called for trial on October 30, 1961, and just prior to trial defendant's counsel moved to dismiss the charge against defendant for the reasons: " * * * that said charge does not state a charge upon

which the Court may criminally convict this defendant and for the further reason that this defendant has not been properly arraigned in the Magistrate Court of Greene County, Missouri, and been accorded due process of law on the charge now pending against this defendant in this criminal cause." A colloquy then ensued between the court and counsel, defense counsel stating that a new and distinct charge had been filed which was not a "lesser charge," while the prosecutor insisted that the facts "surrounding each of these charges" would be the same and, in essence, that there could have been no difference in the preliminary hearing, that an assault was involved in each charge and that the new charge carried a "lighter sentence." The court stated that the amended information did not "show a great deal of difference from the original information," except by going into somewhat greater detail, in showing the means of the assault and adding the element of malice, and that the defense was not substantially changed. It concluded that there was not sufficient variance to justify a dismissal. The motion to dismiss was overruled.

The case was tried by the court, upon waiver of a jury. The full trial transcript has been brought here on this appeal, and defendant has been represented by counsel. It will not be necessary to state the evidence in any detail. There was some sort of altercation and physical embroilment between the defendant and one Murreldean May Archer on the evening of March 23, 1961, in a Springfield laundromat. She testified that as she worked at a tub or bench defendant entered the place, walked behind her, grabbed her and swung her around saying "this is a robbery"; that he had a knife in his hand, that she screamed and fought, that he stabbed her in the chest and cut her at other places, but she broke loose and ran outside; that this man, whom she positively identified as the defendant, then ran out the back door; that her purse was on a chair nearby and she later recovered it. She denied ever knowing or having had

anything to do with defendant previously. Defendant, a negro, testifying in his own behalf, stated: that this young woman, using a different name, had called him and had driven to his home in an effort to make dates with him, and that he, though seeking to avoid her because of unconnected prior troubles, had met her at the laundromat by appointment; further, that a brief conversation ensued, that he indicated that he did not wish to become involved, and that she took his knife which was protruding from his "watchpocket" and opened it; that he reached for the knife and cut his finger; that he grabbed her wrist and as they struggled she fell up against a washer or dryer, and then started running and screaming; the knife dropped and he picked it up and left. Essentially, he testified that he did not intentionally stab her or cut her and that he had no intention of robbing her or harming her. The evidence, which was in much greater detail than this recital, might have been appropriate to a charge of attempted robbery or to one of assault with a deadly weapon.

The court found defendant guilty "of attempted robbery as charged in the information." That recital appeared in the official judgment record written by the clerk; on the judge's minutes the notation was that the court found the defendant "guilty as charged in the information." The formal record of the judgment thus appeared as a conviction for "attempted robbery." Shortly before the case was argued here on this appeal, over the objection of defendant's counsel, and after hearing the testimony of the clerk, the judgment record was ordered corrected nunc pro tunc to show that defendant was tried and convicted of the crime of assault with malice with intent to rob. We shall not reach the question of the propriety of the method followed in making that order (which is complained of here), for we find a fatal error in the record prior to that time.

There can be no doubt whatever that from the filing of the felony complaint in the Magistrate Court until the filing of

the amended information on August 28, 1961, the defendant was charged solely with attempted robbery. The phrase "did * * * make an assault in and upon" is a rather timeworn and probably superfluous phrase commonly used in robbery informations, and the original information was solely one for attempted robbery. The allegations concerning robbery were in conformity with § 560.120, RSMo 1959, V.A.M.S.[1] The offense of attempted robbery is based upon that section which defines the offense of first degree robbery, § 560.135 prescribing the punishment therefor, and § 556.150 which defines as a crime any unsuccessful attempt to commit a criminal offense and the punishment therefor. Defendant was not charged in the original information with the use of a dangerous and deadly weapon, so it is obvious that the maximum punishment for attempted robbery would have been a term of ten years, § 556.150(2), since the punishment for the completed crime could not have been greater than life imprisonment. The robbery statutes are classified as "Offenses Against Property," Chapter 560.

The amended information follows very specifically the wording of § 559.180, which is often referred to as the "assault with malice" section of the statutes. This section appears in a different classification, namely, "Offenses Against Persons," Chapter 559. In the amended information the "assault" became, for the first time, the dominant charge, coupled with allegations of malice and the use of a deadly weapon, and with specific allegations that defendant did " * * * stab the said * * * with a knife * * * "; the phrase "with intent * * * to rob * * * ," as used there, was and is merely an allegation of a part of the required statutory intent accompanying the assault. Even a casual reading of the quoted portions of the original and amended informations will show that the respective charges are of substantially distinct offenses.

Section 545.290, relied on largely by the State as justifying the amendment and sometimes referred to as the statute of jeofailes, provides generally that an information may be amended in form or substance by leave of court before trial when such can be done without prejudice to the substantial rights of the defendant on the merits. But § 545.300, the very next section, specifically provides as follows: "An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an offense different from that charged or attempted to be charged in the original information." And our Criminal Rule 24.02 is as follows: "The court may permit an information to be amended or an information to be substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." It will be noted that this rule fixes two *conjunctive* requirements, namely, that no additional or different offense be charged *and* that substantial rights be not prejudiced.

⬛ In addition to these specific requirements of the rule and statute, our courts have held repeatedly that a different and distinct offense may not be charged by way of an amended information. State v. Jenkins, 92 Mo.App. 439; State v. Strickler, Mo.App., 224 S.W.2d 133; State v. Fletcher, 227 Mo.App. 321, 51 S.W.2d 170; State v. Walton, 255 Mo. 232, 164 S.W. 211; State v. Mandell, 353 Mo. 502, 183 S.W.2d 59. In Mandell, supra, the court said, at loc. cit. 61: "A prosecutor, pursuant to secs. 3898 and 3953, Mo.Rev.St.Ann., Rev. St.Mo.1939, may with leave of court amend an information either in form or substance at any time before a jury is sworn to try the case. This applies to informations filed in lieu of indictments as well as to informations filed after a defendant has had a preliminary hearing. The substitute information must of course charge the same crime

---

1. All statutory citations will refer to that revision.

as attempted to be charged in the original indictment or information." And in State v. Mallory, Mo., 336 S.W.2d 383, 385, the court said: "In connection with an information an 'amendment' is a change or correction (State v. Varner, Mo., 329 S.W.2d 623, 626) and is permissible as long as no additional or different offense is charged and there is no prejudice to the defendant by reason of the amendment. V.A.M.S. § 545.290; Supreme Court Rules 24.02, 24.-11." There has been relatively little discussion of this point in recent cases, but this is not unusual in view of the specific requirements of § 545.300 and of Rule 24.02. We hold that the general provisions of § 545.290 are not controlling here, even though we may concede that the court gave leave for the filing of the amended information, inferentially, by overruling defendant's motion to dismiss.

The situation here is materially different from that in those cases where the courts have permitted the filing of amended informations setting up prior convictions in order to invoke the Habitual Criminal Statute. State v. Ninemires, Mo., 306 S.W. 2d 527; State v. Nolan, Mo., 316 S.W.2d 630; State v. Miller, Mo., 202 S.W.2d 887; State v. Wilson, Mo., 349 S.W.2d 934. Under such circumstances, the amended information does not charge a different offense but merely goes to the matter of punishment.

This defendant would have been entitled to a preliminary hearing upon the charge of assault with malice had it been properly charged, but that is now immaterial. The new charge could not legally be engrafted upon the old one, and it must fall. The State cites and relies in part upon the case of State v. Taylor, Mo., 375 S.W.2d 58. There an information was substituted for an indictment, the only change being in the *name* of the purchaser of a narcotic. It was held that this did not constitute a charge of a different offense, largely because the identity of the purchaser was not even an essential element of the crime, but also because the real identity of the

purchaser was not in dispute and was definitely known to the defendant. The State quotes the following statement from that opinion, loc. cit. 63: "The test of prejudice is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment." The situation in Taylor was materially different from ours. The court there first determined that the second information did *not* state a different offense, saying that there was " * * * no change either in the nature of the offense charged or in the punishment * * *." It then proceeded to consider the question of prejudice, the second requirement of Rule 24.02, which we need not reach. In the present case there was an amendment introducing a new and distinct charge which is expressly prohibited by § 545.300 and Rule 24.02, regardless of prejudice. Taylor is in nowise controlling here. We may say, however, that we hardly see how a defendant could fail to have been prejudiced when, as here, he was put on trial in such a confused situation and where he was tried on a new charge for which he could have received a life sentence as contrasted with a maximum term of ten years on the original charge.

Under these circumstances, we do not reach certain questions briefed, including the sufficiency of the evidence, the validity of the nunc pro tunc correction of the judgment, or the failure of the trial court to file an opinion or give declarations of law under Criminal Rule 26.01(c). With reference to the nunc pro tunc order, it is immaterial here whether the method of its accomplishment was valid or not, for the very charge upon which it was based (i. e., the amended information) was not permissible.

Counsel for the State urge that if we hold the conviction for assault invalid, we should uphold the judgment as a conviction for attempted robbery based upon the original information and reduce the sentence; thus, they say, the defendant

could not be prejudiced because "the finding of guilty must have included the elements of attempted robbery." We are a little surprised that such a contention is made. It is elemental in our law that a defendant must be put on trial for a specific offense and convicted or acquitted of *that offense*. Here the prosecutor insisted, and the trial court ruled, that the defendant should be tried for assault with malice under the amended information. The court, at the request of the prosecutor, confirmed this by making an entry correcting the clerk's error in showing a conviction for attempted robbery. What the evidence may or may not have been is wholly immaterial to our present consideration. The contention is wholly without merit.

■ We shall reverse this judgment and remand the defendant to the custody of the Sheriff of Greene County. The trial court is directed to quash (or dismiss) the amended information as an impermissible pleading in this cause. Under the authority of § 545.110 and the cases of State v. Melvin, 166 Mo. 565, 66 S.W. 534, and State v. Mayer, 209 Mo. 391, 107 S.W. 1085, the original information for attempted robbery was merely suspended, since it was not actually quashed as the statute permitted. Although § 545.110 refers specifically to indictments, proceedings by indictment and by information are for many purposes interchangeable, and we regard the statute as applicable. Hence, upon the remand, the State may proceed further upon the original information, it may dismiss the cause and file a new information subject to any possible question of limitations, or it may proceed otherwise, as it may see fit. It may not proceed further in this cause on any charge except that of attempted robbery.

The judgment is reversed and the cause is remanded for further proceedings as indicated in this opinion. The defendant is remanded to the custody of the Sheriff of Greene County.

All of the Judges concur.