Lawrence Eugene LANE,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39049.

Missouri Court of Appeals,
St. Louis District,
Division 1.

April 11, 1978.

---

J. Martin Hadican, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Carson El-liff, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Evelyn M. Baker, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant-Appellant's (defendant hereafter) Rule 27.26 motion was denied after a hearing, and he has appealed. Defendant alleges he was denied due process and that the trial court lacked jurisdiction because the underlying indictment charged a different offense from an earlier one based on the same circumstances.

On February 24, 1974 defendant was indicted in Cause No. 74–517 and charged with attempted robbery first degree by means of a dangerous and deadly weapon (Sec. 556.150, RSMo. 1969[1]) and assault with intent to kill with malice (Sec. 560.-135). On March 25 the state filed a substitute information in lieu of the indictment charging the same offenses and adding the allegation that defendant had a prior felony conviction. On November 11 defendant was indicted in Cause No. 74–2674 and charged with one prior felony and assault with intent to rob with malice, Sec. 559.180. Defendant proceeded to trial and was convicted as charged in the second indictment. Affirmed on direct appeal. *State v. Lane*, 537 S.W.2d 569 (Mo.App.1976). Thereafter, defendant filed his Rule 27.26 motion; as amended, it alleged ineffective assistance of counsel, denial of due process and equal protection. He now asserts only denial of due process.

To support this claim that he was denied due process, he contends the second indictment, Cause No. 74–2674, charged an offense different from an earlier indictment, Cause No. 74–517, citing *State v. Thompson*, 392 S.W.2d 617 (Mo.1965), Rule 24.02 and Sec. 545.300. In *Thompson* the defendant was originally charged *by information* with only *one* offense, attempted robbery. Language in the indictment, "did . . . make an assault in and upon," was considered superfluous to the attempted robbery charge. An amended information charged defendant with assault with malice with intent to rob. Since the assault became the "dominant charge," the court found the amended information charged a different offense. Further, the original information was based on Chapter 560, "Offenses Against Property," while the amended information was rooted in Chapter 559, "Offenses Against Persons." *Thompson* is distinguishable from the present case both factually and legally.

1. All further statutory references are to the Revised Statutes of Missouri, 1969, unless otherwise noted.

■ Here, defendant was first charged with two offenses, attempted robbery and assault with intent to kill with malice. The statutory authority for these offenses differs. Thereafter, a substitute information in lieu of indictment charged these identical offenses and added the charge of one prior felony conviction. A second indictment charged defendant with assault with intent to rob with malice and one prior felony conviction. The statutory basis for the assault with intent to rob charge was identical with the statutory authority charging assault with intent to kill in the first indictment. The fact that the "intent" was altered from an intent to kill to an intent to rob does not change the offense. The court in *State v. Richardson*, 460 S.W.2d 537[1] (Mo.1970) so held in quoting *State v. Chinault*, 55 Kan. 326, 40 P. 662:

> "Both informations [assault with intent to kill and assault with intent to rob] charge offenses under the same section of the statutes, . . . . Both informations refer to the same acts, the only difference being that a *different criminal purpose* is attributed to the defendant. We think under this section the substantive offense is the assault. *The intent with which it was committed characterizes it, and determines its degree of criminality.* . . ." (Emphasis added.)

See also *State v. Buckhanan*, 416 S.W.2d 166[2] (Mo.1967) and *State v. Brown*, 245 S.W.2d 866[5] (Mo.1952).

Defendant's reliance on Rule 24.02 and Sec. 545.300 is misplaced. Both rule and statute deal with amendments to informations or the substitution of an information for an indictment. Defendant does not challenge the substitute information, but he misinterprets the language in *Thompson* when he argues that rules and statutes pertaining to informations and indictments are interchangeable without qualification. The court in *Thompson* stated:

> "Although § 545.110 refers specifically to indictments, proceedings by indictment and by information are *for many purposes* interchangeable . . . ." (Emphasis added.)

This statement by the court does not support defendant's conclusion that every rule and every statute governing informations and indictments are interchangeable. Defendant uses the quoted material to argue that the rule and statute prevent the filing of a second indictment which charges a different offense. Since we have ruled the same offense was charged in both indictments in this case we need not address that argument.

■ Defendant also asserts that the filing of a second indictment deprived him of due process by preventing the preparation of his defense and thereby prejudiced his rights. The test of prejudice is whether a defense under the charge as originally made would be equally available after an amendment and whether defendant's evidence would be equally applicable after as well as before the amendment. *State v. Taylor*, 375 S.W.2d 58[10] (Mo.1964); *State v. Wilson*, 544 S.W.2d 859[2] (Mo.App.1976). Defendant was charged with the same offense in both indictments and the facts upon which the charges were made remained the same. Defendant's evidence therefore remained equally applicable to either indictment. Likewise, any defense available to defendant to controvert the charges made by the first indictment were equally available to him as to the second indictment. Defendant was not prejudiced or prevented from preparing a defense by the return of the second indictment.

■ Finally, defendant contends the trial court lacked jurisdiction to render a judgment based on the second indictment because the second indictment was invalid as a matter of law. He cites no authority for this proposition other than *Thompson*. An indictment is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction. *State v. Kerr*, 531 S.W.2d 536[1] (Mo.App.1976). The challenged indictment apprised defendant of the particulars of the offense charged and sufficiently tracked the language of the statute in setting forth the offense. *State*

*v. Tandy,* 401 S.W.2d 409[3] (Mo.1966). The court properly acquired jurisdiction.

The judgment is affirmed.

SMITH and McMILLIAN, JJ., concur.