**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Richard REICHENBACHER,
Defendant-Appellant.**

No. 46220.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 10, 1984.

Robert J. Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge, dissenting.

Defendant appeals from his conviction by a jury of assault in the first degree and sentence of 10 years imprisonment.

Defendant's decisive contention is that the trial court lacked jurisdiction to try him and convict him for assault in the first degree because the operative information charged him only with assault in the second degree. Some recitation of the background of this contention is required.

Defendant was initially charged by indictment with assault in the first degree. Pursuant to a plea bargain an information in lieu of indictment was subsequently filed charging defendant with assault in the second degree to which defendant pled guilty. The trial court, after reviewing a medical report concerning the victim and a probation report, refused to accept the plea bargain. Defendant was allowed to withdraw his plea of guilty. The order of the court contained the following last paragraph:

"Cause reinstated on the docket and reassigned to Division # 16 for further proceedings; The State is granted leave to reinstate or proceed on the original charge of first degree assault as the charge was reduced or amended to assault second degree only for the purpose of working out a plea bargain."

The prosecutor took no further action with regard to the information and filed no new or amended information charging first degree assault. In this posture the case went to trial.

Section 545.110 R.S.Mo.1978 provides:

"If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

 This statutory provision is equally applicable to informations. *State v. Taylor,* 171 Mo. 465, 71 S.W. 1005 (1903) l.c. 1007; *State v. Thompson,* 392 S.W.2d 617 (Mo.1965) [5]. It is "elemental in our law that a defendant must be put on trial for a specific offense and convicted or acquitted of that offense." *State v. Thompson, supra,* [3, 4]; *State v. Billingsley,* 465 S.W.2d 569 (Mo.1971) [1, 2]. Where two informations or indictments or one of each are pending it is improper and beyond the court's jurisdiction to try the defendant on the first charging document. *State v. Mayer,* 209 Mo. 391, 107 S.W. 1085 (1908) l.c. 1087; *State v. Granberry,* 530 S.W.2d 714 (Mo.App.1975) [3–5]. The first charging document is suspended until the second has been dismissed or quashed and cannot form the basis for trial of defendant. *State v. Melvin,* 166 Mo. 565, 66 S.W. 534 (1902); *State v. Mayer, supra; State v. Brown,* 364 Mo. 759, 267 S.W.2d 682 (1954) [6].

 The State contends, however, that the trial court's order implicitly dismissed the information thereby reviving the indictment. Such a contention flies in the face of a long line of cases holding that only the prosecuting attorney can voluntarily dismiss or nolle prosequi a felony charge. *State ex rel. Thrash v. Lamb,* 237 Mo. 437, 141 S.W. 665 (1911); *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590

(banc 1953); *State v. Hoopes*, 534 S.W.2d 26 (Mo. banc 1976) [4]; *State ex rel. Lodwick v. Cottey*, 497 S.W.2d 873 (Mo.App. 1973) [7]; *State v. Boclair*, 621 S.W.2d 347 (Mo.App.1981) [1–3]; *State ex rel. Norwood v. Drumm* (E.D.Mo.App. No. 48327 May 3, 1984). The trail court's order could not serve to dismiss the information because the court lacked the power to enter such a dismissal. The order at most constituted an unneeded authorization to the prosecutor to dismiss the information or file a new one. It was not self-executing. The prosecutor failed to take the additional step necessary of entering a nolle prosequi to dismiss the information or filing a new information. When defendant went to trial the last charging document, the information, charged him with second degree assault.

The case here bears some similarity to that before us in *State v. Granberry, supra.* There the defendant was tried and found guilty of first degree murder. That conviction was reversed for new trial. Following reversal a second indictment was returned charging defendant with first degree murder and first degree robbery. The defendant's lawyer sought to persuade the prosecutor to nolle prosequi the second indictment. Finally the parties in the presence of the court agreed that the second indictment would be dismissed and trial was had on the first indictment. The formal nolle prosequi was not filed until after the trial. Following conviction defendant challenged the jurisdiction of the court to try him on the original indictment. We held that the parties made a binding and valid agreement to dismiss the second indictment which was beneficial to the defendant. That agreement was made with the knowledge and approval of the court and in its presence. We further held that a filing of a memorandum of nolle prosequi was not necessary to dispose of the second indictment. The filing of such a memorandum in that case was purely ministerial. The extensive discussion and recitation of the testimony relating to the agreement make clear that the only basis of Judge Gunn's opinion was the binding agreement of the parties.

In the case before us we have no binding agreement between the parties. The dismissal of the information was not of benefit to the defendant. Nor has a dismissal of the information ever occurred. The information is still pending. While the failure to dismiss the information may have been an oversight by the prosecutor, it was an oversight which deprived the court of jurisdiction to try defendant on the indictment. The absence of a formal charge of the crime for which defendant is tried is jurisdictional and may not be waived. *State v. Granberry, supra,* [1, 2].

Judgment reversed.

STEPHAN, J., concurs.

GAERTNER, Presiding Judge.

I respectfully dissent. None of the cases cited in support of the majority's conclusion involves a situation wherein a substitute information charging a lesser offense was filed purely in contemplation of a plea bargain which was subsequently rejected by the trial court. It is axiomatic that the first indictment or information is suspended by the filing of a second and the first cannot form the basis for trial of a defendant while such suspension remains in effect. It is also well established that the trial court is without power to dismiss an indictment or information. But neither of these principles is intended to deprive the trial court of jurisdiction in a situation where the defendant is permitted to withdraw his plea of guilty to the lesser offense because the trial court refuses to accept a plea bargain. To deny jurisdiction under such circumstances, it seems to me, is to place form over substance. I believe that, under such circumstances, the formal requirement that a piece of paper dismissing the second information be filed has been laid to rest by *State v. Granberry*, 530 S.W.2d 714 (Mo.App.1975) wherein this court held that an agreement between the prosecution and the defense that the trial would proceed upon the first indictment was sufficient to fully resurrect and re-

store to life the first indictment and to put to death the second. Granted, the terms of the agreement were much more detailed in *Granberry* than is evident from the record here. Nevertheless, the principle established by *Granberry* is clear and is applicable to this case: the conduct of the parties, rather than the ministerial act of filing a formal nolle prosequi by the prosecutor, is sufficient to dispose of the second charge and thereby revive the vitality of the first. *Id.* at 722.

When Judge Kitchen rejected the plea bargain he expressly authorized the State to proceed on the original indictment. I do not agree with the majority that this order was a nullity. It was part and parcel of the process of restoring the case to its original status as it existed before the plea bargain and the withdrawal of the guilty plea necessitated by the court's rejection thereof. Rule 24.02(d)(4). The rule contemplates such a restoration as though the plea of guilty had never occurred. The defendant in the instant case was well aware of this and that he was being tried on the original indictment. The trialogue between the trial judge, the Assistant Circuit Attorney, and defense counsel demonstrates this fact conclusively. No objection to trial on the original charge of assault in the first degree was made during trial or in the motion for new trial. This point is first asserted by new counsel on appeal. If the matter is jurisdictional, that fact would be immaterial. But *Granberry,* in holding the second indictment can be killed and the first revived by consent of the parties, effectively establishes that the failure to file the piece of paper, the formal nolle prosequi or dismissal, cannot deprive the court of non-waivable jurisdiction.

I further disagree with the outright reversal of the conviction. If the State proved the defendant's guilt of assault in the first degree, perforce it proved him guilty of assault in the second degree. At most the cause should be remanded to the trial court for re-sentencing under the conviction of the lesser included offense which was expressly charged in the substitute information. If the consent of the parties

did not revive the vitality of the first indictment, the substitute information remained in effect at the time of trial.

This case demonstrates a rather slipshod attitude toward procedural rules on the part of the prosecution which I certainly do not condone. However, I can ascertain no specter of prejudice to the rights of the defendant under the circumstances reflected by this record. Therefore, I dissent.