STATE of Missouri ex rel. Lee Odith
**WICKLINE, Relator,**

v.

**Honorable Herbert C.
CASTEEL, Respondent.**

No. 15050.

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 1987.

Lee Odith Wickline, pro se.

David C. Dally, Pros. Atty., Jasper County, Joplin, for respondent.

ORIGINAL PROCEEDING IN
PROHIBITION

PER CURIAM:

Relator ("Wickline") is the defendant in criminal proceedings pending in Jasper County. He is now charged with second-degree burglary with regard to an incident which occurred on October 28, 1981.

Following that incident, Wickline was promptly arrested and charged with second-degree burglary, and an information to that effect was filed following a preliminary hearing. On December 14, 1981 the information was amended to change the charge to first-degree burglary. Immediately prior to trial, a second amended information, again alleging first-degree burglary, was filed. Wickline was convicted and, in due course, sentenced on the first-degree burglary charge.

An appeal was taken, and this court affirmed the conviction. *State v. Wickline*, 647 S.W.2d 929 (Mo.App.1983). In early 1985, Wickline filed a motion pursuant to Supreme Court Rule 27.26 alleging that the state had improperly amended the information to charge a different and greater offense. The hearing court agreed with this contention and vacated the conviction. The state appealed, and this court affirmed, holding that there was jurisdictional error in trying Wickline on an information amended to charge an additional or different offense in violation of Rule 23.08 and § 545.300. It was also stated that the trial of Wickline was a "nullity". *Wickline v.*

*State,* 718 S.W.2d 604, 605 (Mo.App.1986).[1] The opinion concluded with directions that the cause be "remanded for further proceedings in the trial court."

It is presently alleged by Wickline that upon his return to Jasper County, he was again charged, on December 22, 1986, with first-degree burglary. This resulted in Wickline filing his pro se petition in prohibition with this court seeking to prohibit his being tried on either first or second-degree burglary in view of the three-year statute of limitations established by § 556.036.2(1), RSMo 1978. Wickline also asserts that he cannot now have a fair trial because of the passage of time resulting from what he deems to be prosecutorial misconduct. As we understand it, Wickline contends that he has been substantially prejudiced by the loss of potential witnesses so that prosecution should be barred even if his primary contention about limitations is unfounded.

Respondent, by the prosecuting attorney of Jasper County, informed this court in opposing the issuance of a preliminary order that, on January 20, 1987, a newly amended charge had been filed regarding the 1981 incident and alleging the commission of burglary in the second degree. Our preliminary order in prohibition issued on January 30, 1987.

Wickline's commendably drafted pro se brief recognizes that the basic issue on the limitations question is whether the tolling provisions of the statute come into play in view of the fact that substantially more than the statutory period of three years passed between the invalid amendment of the information and the commencement of the present renewal of prosecution. Section 556.036.6 provides:

The period of limitation does not run:

. . . . .

(3) During any time when a prosecution against the accused for the offense is pending in this state.

Wickline argues there was no charge pending against him for the space of over five years. In taking this position, the relator correctly realizes that he must dispel two possibilities: (1) that the original charge of second-degree burglary has remained continuously pending despite the intervening, and impermissible, upgrading of the charge and void conviction thereon, and (2) that the apparent pendency of first-degree burglary as of December 14, 1981, was, despite its impropriety, nonetheless sufficient to toll the time so as to permit a current prosecution for the offense of second-degree burglary. We believe that since the first of these correctly describes Wickline's situation, we need not reach the second.

As was observed by this court in *Wickline v. State,* supra, the amendment of December 14, 1981, was a nullity, as were all subsequent proceedings based on that amendment. *State v. Gladies,* 456 S.W.2d 23 (Mo.1970), and *State v. Thompson,* 392 S.W.2d 617 (Mo.1965), along with other cases, were cited in support.

In *Gladies,* a purported amendment to an information not only charged a distinct and different crime, but was also declared to be a nullity since an element of the purported charge was omitted. The court stated that in legal contemplation the second charge was never pending. No limitations question was raised in *Gladies,* but in its dispositional remarks the court mentioned that options available to the prosecution might depend in part on "any possible question of limitations". See also *State v. Amerson,* 661 S.W.2d 852, 853 (Mo.App.1983). Wickline notes this language in his present argument. This wording was derived from the *Thompson* case. There, upon holding that an attempted amendment of an information ran afoul of the restriction against charging a different crime, the court stated:

"Under the authority of § 545.110 and the cases of *State v. Melvin,* 166 Mo. 565, 66 S.W. 534, and *State v. Mayer,* 209 Mo. 391, 107 S.W. 1085, the original information for attempted robbery was merely suspended, since it was not actually quashed as the statute permitted.

---

1. Wickline also appealed from the trial court's order in the Rule 27.26 case, claiming ineffective assistance of counsel. That issue was deemed moot. 718 S.W.2d at 604–605.

Although § 545.110 refers specifically to indictments, proceedings by indictment and by information are for many purposes interchangeable, and we regard the statute as applicable. Hence, upon the remand, the State may proceed further upon the original information, it may dismiss the cause and file a new information subject to any possible question of limitations, or it may proceed otherwise, as it may see fit. It may not proceed further in this cause on any charge except [the original charge]."

392 S.W.2d at 622.[2]

■ It is clear, in context, that the reference to any question of limitations was in connection with the possibility the state might elect to proceed in a new cause with a properly filed information charging the different offense on which the state had been rebuffed after the improper amendment. We find no authority to indicate that the original information, though perhaps "suspended", is not "pending" for purposes of § 556.036.6. The contrary, in fact, seems especially appropriate where the amendment is found to be a legal nullity. We therefore hold that the original information charging second-degree burglary remained pending throughout all of the subsequent proceedings for limitations purposes, even though it may be deemed, in another sense, suspended because of the state's efforts to proceed on an amended information.

■ We also note that although the pendency only of a lesser-included offense will not toll the time as to a greater, and hence different, offense, *State v. Priest,* 660 S.W.2d 300, 307 (Mo.App.1983), the converse is not true as a lesser offense is

deemed charged by the greater. § 556.-046, RSMo 1978. Further, even though a charging instrument is so defective as to require dismissal, it remains effective for purposes of tolling the statute of limitations. *State ex rel. Lodwick v. Cottey,* 497 S.W.2d 873, 878 (Mo.App.1973). See also *State v. Bullington,* 680 S.W.2d 238, 240 (Mo.App.1984). Thus, while it is not necessary for us to decide the matter, it may well be that the amended information purporting to charge first-degree burglary did toll the statute.

■ Wickline, as mentioned, makes the further point that by mere passage of time he is so prejudiced in his ability to conduct a defense that the respondent should be prohibited from trying him. Indeed, he contends that prejudice is presumptively established, with no showing of actual prejudice needed, citing *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). That authority establishes that preindictment delay, following arrest of a criminal defendant, must be considered in connection with a speedy trial complaint raised pursuant to the Sixth Amendment to the United States Constitution. It does not set out a rule on a duration of delay automatically intolerable per se in any prosecution. In fact, a "presumptively prejudicial" time, once found, merely triggers consideration of all parts of the four-factor balancing test established by *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *State v. Granger,* 680 S.W.2d 258, 261 (Mo.App. 1984); *State v. Manard,* 675 S.W.2d 426, 429 (Mo.App.1984). Those factors, in addition to the length of the delay,[3] are the reason for the delay, whether the defend-

---

**2.** The statute referred to, § 545.110, remains in effect and provides that if two indictments are concurrently pending for the same offense, or for the "same matter" even though stated as separate offenses, against the same defendant, the first indictment "shall be deemed to be suspended by such second indictment, and shall be quashed." *Thompson* held the statute applicable to informations, and in fact to the situation where an information is superseded by an amended information. The cited case of *State v. Melvin,* 166 Mo. 565, 66 S.W. 534 (1902), specifically held that the filing of the amended charge does not have the automatic effect of

quashing (or dismissing) the original charging instrument.

**3.** A considerable portion of the time that has passed in the history of the prosecution has been consumed by the direct appeal, the post-conviction attack under Rule 27.26, and the appeals of the Rule 27.26 order lodged by both parties. A new trial in the normal course of events following the successful attack, directly or collaterally, of a prior unsatisfied conviction will apparently lend little weight to a speedy trial complaint where there is no purposeful or oppressive delay on the part of the prosecution.

ant asserted the right to a speedy trial and whether delay resulted in prejudice. *Barker v. Wingo,* supra; *State v. Robinson,* 696 S.W.2d 826 (Mo.App.1985); *Stokes v. State,* 688 S.W.2d 19 (Mo.App.1985). In assessing prejudice from delay, the most important factor is impairment of the ability to make a defense. *State v. Robinson,* supra; *State v. Stulce,* 630 S.W.2d 91, 94 (Mo.App. 1981). However, we cannot regard Wickline's present assertions as sufficient to enable a meaningful evaluation in the context of this prohibition case. There is nothing in the very limited record before us to support the bare statements that some witnesses are unavailable or cannot remember facts, or to determine if those witnesses ever were available or helpful, or what their testimony might be. Prejudice of this sort must be actual and apparent from the record. *State v. Buckles,* 636 S.W.2d 914, 920 (Mo. banc 1982). Cf. *State v. Holmes,* 643 S.W.2d 282, 288 (Mo.App.1982).

Also, there is no indication that this matter of dismissal for substantial prejudice has been presented to the trial court. That court, as against the limited issues which can now be entertained here, has apparent jurisdiction of the cause and of the person of relator. In the interest of orderly procedure, and in recognition of the proper role of prohibition, we see no basis for making our preliminary order absolute on this ground. See *State ex rel. Westfall v. Gerhard,* 642 S.W.2d 679, 681 (Mo.App.1982).

Having found no basis for concluding that the Circuit Court of Jasper County would be acting in excess of its jurisdiction in this cause, we accordingly quash the preliminary order and deny relator's petition for prohibition.

All concur.

*United States v. Ewell,* 383 U.S. 116, 120–121, 86 S.Ct. 773, 776–777, 15 L.Ed.2d 627, 631 (1966). Cf. *United States v. Loud Hawk,* 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (time for interlocutory appeals by both sides given some weight for *Barker* analysis, but dismissal found inappropriate). Some courts have given time for attacks on the judgment no weight. *State v. Ward,* 120 Ariz. 413, 586 P.2d 974 (1978); *State v. Armstrong,* 189 Mont. 407, 616 P.2d 341 (1980).