Lindell BROWDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94677.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 12, 2011.

Jo Ann Rotermund, Missouri Public Defender Office, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

*Introduction*

Lindell Browden (Browden) appeals from the motion court's denial, without an evidentiary hearing, of his amended Rule 29.15 motion for post-conviction relief. Following a jury trial, Browden was convicted of one count of felony assault and one count of second-degree robbery. He was sentenced to twelve years in prison for the assault and ten years for the robbery, with the sentences to run concurrently. On direct appeal, this Court affirmed the judgment of the trial court in *State v. Browden*, 285 S.W.3d 429 (Mo.App. E.D. 2009). Browden subsequently filed a motion for post-conviction relief, which the motion court denied without an evidentiary hearing. On appeal, Browden claims there are two errors arising from the verdict directing instructions presented to the

jury. Because the jury instructions at issue were consistent with and did not vary from the language of the charging document, we find no error and affirm the judgment of the motion court.

## Background

Browden was indicted by a grand jury on one count of forcible rape, in violation of Section 566.030 RSMo (2000)[1], two counts of felony assault in the first degree, in violation of Section 565.050, and one count of robbery in the second degree, in violation of Section 569.030. After a jury trial, Browden was found guilty of second-degree robbery and one count of first-degree assault. Browden was acquitted on the second count of first-degree assault and the forcible rape charge. When viewed in the light most favorable to the verdict, the following evidence was adduced at trial.

On the evening of March 22, 2006, Dauna Rankin (Rankin) was looking for her friend Laron Roundtree (Roundtree) in order to lend Roundtree money. Unable to find Roundtree, Rankin came upon Browden, another friend of hers. Browden pressured Rankin to give him some money as well, but she refused, saying she had to take care of Roundtree first. Browden told Rankin that she just missed Roundtree and that Roundtree was inside a nearby house. After walking around the neighborhood together, Browden stopped at a vacant lot and wrestled Rankin to the ground. Rankin testified that Browden began strangling her with his hands to the point that she was blacking out and her voice became raspy. After losing consciousness, Rankin woke to Browden kicking her. Browden then strangled Rankin for a second time before she was able to escape.

On May 23, 2006, a grand jury indicted Browden. Count II of the indictment charged Browden with first-degree assault by kicking Rankin until she lost consciousness. On April 10, 2008, before the case went to trial, the State filed a substitute information in lieu of indictment. The substitute information charged Browden in Count II with first-degree assault by strangling Rankin until she lost consciousness.

The case proceeded to trial by jury on April 21, 2008. Jury Instruction No. 7, the verdict director, stated:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt: First, that on or about March 22, 2006, in the State of Missouri, [Browden] attempted to kill or cause serious physical injury to [ ] Rankin by strangling her, and Second, that [Browden] in the course of such conduct caused serious physical injury to [ ] Rankin, then you will find [Browden] guilty under Count II of assault in the first degree. However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Similarly, Jury Instruction No. 9 stated:

As to Count II, if you do not find [Browden] guilty of assault in the first degree with serious physical injury as submitted in Instruction No. 7, you must consider whether he is guilty of assault in the first degree under this instruction. As to Count II, if you find and believe from the evidence beyond a reasonable doubt: That on or about March 22, 2006, in the State of Missouri, [Browden] attempted to kill or cause serious physical injury to [ ] Rankin by strangling her, then you will find [Browden] guilty under count II

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

of assault in the first degree. However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The jury subsequently found Browden guilty on Counts I and II.

### Points on Appeal

Browden presents two points on appeal, both stemming from an alleged variance of the language found in the verdict directing instructions from the language used by the State to charge Browden with first-degree assault. First, Browden argues that the motion court erred in denying him post-conviction relief because the trial court lacked jurisdiction to enter judgment when Count II as alleged in the verdict directing instructions had never been charged. He alleges that Instructions Nos. 7 and 9 based the finding of guilt of first-degree assault on strangulation while the indictment based the charge on kicking, thereby causing a new offense to be submitted to the jury. He claims the submission of instructions that varied from the offense charged violated his right to due process of law, a fair trial, and failed to protect him from double jeopardy.

In his second point, Browden claims the motion court erred in denying him post-conviction relief because both his trial and appellate counsel provided ineffective assistance. Browden alleges his trial counsel was ineffective for failing to object to the jury instructions for Count II when the indictment premised the first-degree assault charge on kicking and the verdict directing instructions based the finding of first-degree assault on strangulation. Browden also alleges that appellate counsel should have raised the issue of jurisdiction on appeal. Had these issues been raised, Browden claims the outcome of both the trial and the direct appeal would have been different.

### Standard of Review

This court reviews the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's finding of facts or conclusions of law are "clearly erroneous." Rule 29.15(k); *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a "definite and firm impression that a mistake has been made." *Id.*

### Discussion

█ In his first point on appeal, Browden argues that the trial court lacked jurisdiction to enter its judgment because the offense described in the verdict directing instructions for Count II materially varied from the offense charged by the State. We deny Browden's claim as it is absolutely void of any merit.[2]

---

2. We cannot overlook or leave without comment the waste of judicial resources in bringing this appeal. Browden's claims are based upon the language of the initial indictment rendered against him. However, the charging document upon which Browden was prosecuted and convicted was not the initial indictment of which he now complains, but was a substitute information in lieu of indictment that was filed prior to trial. The language of the jury instructions does not differ from, but mirrors the charging language of the substitute information. Browden either overlooks or ignores the substitute information in lieu of indictment filed with the trial court prior to trial. We are equally dismayed that the State failed to raise the existence of the substitute information in lieu of indictment before the motion court, allowing this meritless post-conviction motion to progress to the present stage. While our judicial system allows a party to pursue an appeal to correct errors of law, this appeal has no merit and is a waste of judicial resources.

Browden alleges that Instructions Nos. 7 and 9 based a finding of guilt of first-degree assault on strangulation while the indictment charged first-degree assault by kicking, and argues that the variance between the verdict directing instructions and the indictment was fatal because he had no notice that the State would proceed under the theory of strangulation. Browden further argues that this variance denied the trial court jurisdiction to enter judgment and violated his right to due process, a fair trial, and freedom from double jeopardy.

■ Although the original indictment charged Browden with first-degree assault by kicking Rankin, the State later filed a substitute information in lieu of indictment charging Browden with first-degree assault by strangulation. Section 545.110 states:

> If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed.

In *State v. Reichenbacher*, this Court noted that this statute is "equally applicable" to informations. 673 S.W.2d 837, 838 (Mo. App. E.D.1984). Where two informations or indictments are pending, it is improper to try the defendant on the first charging document. *Id.* If a second charging document is filed against a defendant for the same offense in the same county, the indictment or information last filed shall supersede all indictments or informations previously filed. Rule 23.10, Missouri Rules of Criminal Procedure. Since the State filed a substitute information charging that Browden assaulted Rankin by strangling her, the case proceeded to trial on that basis. Therefore, the jury instruc-

tions did not vary from the offense charged.

Point denied.

Browden's second point on appeal is premised upon the same faulty foundation as his first point in that he alleges his trial counsel was ineffective for failing to object to the variance in the jury instructions from the charging document. He also claims his appellate counsel was ineffective for failing to raise the issue on direct appeal.

■ A movant "is entitled to post-conviction relief if he shows by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If a movant fails to satisfy either prong of the test, the court need not consider the other. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

Here, trial counsel exercised the skill of a reasonably competent attorney when he did not object to the jury instructions. Because the verdict directing instructions described strangulation as the method by which Browden assaulted Rankin, the language of the instructions did not vary from the charging document. Defense counsel had no legal basis to object to the proffered verdict directing instructions. As a result, trial counsel exercised the skill and diligence of a reasonable attorney and was not ineffective.

Similarly, appellate counsel was not ineffective for failing to raise the issue on appeal. Because there was no variance in the language used in the charging document and the verdict directing instruc-

tions, appellate counsel had no basis for raising this meritless issue on appeal. We will not find error when counsel fails to object to a meritless claim or fails to raise a meritless claim on appeal.

Browden has failed to allege facts which, if true, would entitle him to relief. There was no variance, as he alleges, between the charging document and the verdict directing instructions. The absence of any variance is clearly evidenced by the legal file, which contains both the verdict directing instructions and the substitute information in lieu of indictment. As a result, the motion court's findings are not clearly erroneous and Browden's second point on appeal is denied.

### Conclusion

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., J., and DANIEL PELIKAN, SP., J., Concur.