Thomas A. WASHINGTON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99702.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 17, 2013.

Amanda P. Faerber, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Judge.

## Introduction

Thomas Washington ("Washington") appeals from the judgment of the motion court denying his motion for post-conviction relief under Rule 29.15 without an evidentiary hearing. Washington was convicted of attempted statutory sodomy after a bench trial. This Court affirmed Washington's conviction on direct appeal in *State v. Washington,* 352 S.W.3d 421 (Mo. App. E.D.2011). Washington filed a motion for post-conviction relief alleging that his trial counsel was ineffective for failing to introduce evidence of his substantial cognitive limitations to support his motion to suppress statements, and for failing to provide the trial court with sufficient mitigation evidence during Washington's sentencing hearing. The motion court found both claims lacked merit and denied Washington's motion.

Because Washington alleged facts not refuted by the record that his trial counsel failed to introduce evidence or argue Washington's limited mental functions and ability with the motion to suppress statements, Washington was entitled to an evidentiary hearing on this claim. The motion court clearly erred when it denied Washington an evidentiary hearing on his motion for post-conviction relief relating to the motion to suppress statements. We reverse and remand for an evidentiary hearing on this issue. We affirm the judgment of the motion court in all other respects.

## Factual and Procedural History

Viewed in the light most favorable to the trial court's judgment, the evidence presented at trial is as follows. On May 20, 2009, Washington accompanied his mother to the home of Robert Hobbs ("Hobbs"). Hobbs and his wife operated a day care out of their home. Washington's mother went to the day care to do some secretarial work for Hobbs' wife, and Washington went along with her to help clean up toys. On that day, four children were attending day care, including the victim, J.J. At some point during the day, J.J. left Hobbs' eyesight to use the bathroom. When Hobbs noticed that J.J. had been gone for too long, he called for her, but she did not respond. Hobbs then went to look for J.J. and found her on the kitchen floor, on her back, with her diaper off and her dress pulled up. Washington was standing over J.J., facing her, and pulling his pants up.

Washington was arrested and taken to police headquarters. There, Detective Keith Paulitsch advised Washington of his *Miranda* rights and presented Washington with a written document containing his *Miranda* rights. Detective Paulitsch asked Washington to place his initials next to each *Miranda* right to indicate that Washington understood the right. After Washington initialed the document, Detective Paulitsch asked Washington if he would like to make a statement. Washington said yes, and then explained to Detective Paulitsch that he had been having strong flashbacks that day about when he

was molested in kindergarten. Washington stated he went into the kitchen of the Hobbs' home to clear his head from those thoughts and observed J.J. walking with her diaper off. He then told Detective Paulitsch that he asked J.J. to lie down, pulled her dress up, and then touched her vagina with his hand. Washington further stated that he did not put himself in J.J. because Hobbs came in the room.

Washington was charged with one count of attempted statutory rape in the first degree or, in the alternative, attempted statutory sodomy in the first degree. Following a bench trial, the trial court entered judgment convicting Washington of attempted statutory sodomy. After reviewing a sentencing assessment report, the trial court sentenced Washington to a term of ten years in the Missouri Department of Corrections.

This Court affirmed Washington's conviction on direct appeal in *State v. Washington*, 352 S.W.3d 421 (Mo.App. E.D. 2011). Washington then filed a motion for post-conviction relief under Rule 29.15 alleging that he received ineffective assistance of trial counsel. The motion court denied Washington's motion without an evidentiary hearing. This appeal follows.

*Points on Appeal*

Washington presents two points on appeal, each of which claim the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing. Washington first argues that his defense counsel was ineffective in failing to introduce evidence of his cognitive limitations which, Washington alleges, would have shown that he did not have the ability to knowingly and intelligently waive his *Miranda* rights. In his second point, Washington argues that his trial counsel was ineffective in failing to provide the trial court with sufficient mitigation evidence during his sentencing hearing.

*Standard of Review*

When reviewing a judgment entered on a Rule 29.15 motion for post-conviction relief, we determine whether the motion court's findings of facts and conclusions of law are clearly erroneous. *Johnson v. State*, 333 S.W.3d 459, 463 (Mo. banc 2011); Rule 29.15(k). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is "left with a definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010).

Moreover, to obtain an evidentiary hearing on a claim related to ineffective assistance of counsel, a movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced. *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997). To establish deficient performance, the movant must show that defense counsel's representation fell below an objective standard of reasonableness. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). To show prejudice, the movant must show that there is a reasonable probability that, but for defense counsel's errors, the outcome of trial would have been different. *Id.*

*Discussion*

I. **Washington was entitled to an evidentiary hearing on the issue of whether his defense counsel was ineffective for not introducing evidence of his cognitive limitations and failing to argue that Washington's cognitive limitations prevented him from understanding and knowingly waiving his *Miranda* rights.**

The focus of Washington's first point on appeal is his alleged inability to

knowingly waive his *Miranda* rights given his limited cognitive functioning and mental disability. Washington maintains that his limited cognitive functioning was relevant to his Motion to Suppress Statements, and that his trial counsel was ineffective for filing a boiler plate motion to suppress and not presenting evidence of Washington's limited cognitive abilities as a basis to suppress his statements. We agree that such facts, if true, would entitle Washington to relief, thereby requiring an evidentiary hearing.

In support of the allegations contained in his motion for post-conviction relief, Washington specifically alleges that he has limited cognitive functioning with a measured IQ between seventy-two and eighty, and such testing shows he has extremely limited functioning in verbal and written comprehension. In addition to these cognitive limitations, Washington asserted in his motion that he has been diagnosed with post-traumatic stress disorder, bi-polar disorder, and was a victim of childhood abuse. Washington alleges that none of this information was included in the Motion to Suppress Statements filed by his trial counsel, and no evidence of his mental state and functioning was introduced into evidence or otherwise brought to the court's attention at trial. Washington alleges that had the trial court been presented with evidence of his dual diagnoses of mental illness and limited cognitive ability, the court would have found that Washington did not understand the *Miranda* rights and waiver presented to him, and therefore could not have knowingly and intelligently waived his *Miranda* rights. Washington further claims that had his statements been suppressed, he likely would not have been convicted.

In its judgment denying Washington's claims, the motion court found:

> [Washington's] claim is without merit because a criminal defendant's mental condition is not alone dispositive of an inquiry into **the constitutional voluntariness of a confession.** Rather, the Court must consider the totality of the circumstances including whether the statement was a product of improper coercion.... [Washington] does not allege factually any improper coercive conduct by the detective which led to [Washington's] statements, and therefore [Washington] has not alleged a valid basis for the suppression of his statement.

(emphasis added).

 The inquiry into whether a person has effectively waived his rights has two distinct dimensions. *State v. Sparkling,* 363 S.W.3d 46, 50 (Mo.App. W.D.2011). First, the waiver must have been voluntary, meaning that it was the product of a free and deliberate choice rather than intimidation or coercion. Second, and equally important, the waiver must have been made knowingly and intelligently, with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.*

Washington has alleged that he lacked the mental capacity to knowingly and intelligently waive his *Miranda* rights, not that the waiver was an involuntary product of threats or coercion. In denying Washington's motion to suppress solely because Washington did not allege police coercion, the motion court ignored the "knowing and intelligent" dimension of a valid *Miranda* waiver. As a result, the motion court clearly erred in finding that Washington did not allege a valid basis for suppression of his statements in his motion for post-conviction relief.

Our review of Washington's amended motion clearly shows that Washington pleaded facts that are not contradicted or otherwise refuted by the record, which if true, would establish both deficient per-

formance by his trial counsel and ensuing prejudice. The State's prosecution of Washington rested almost entirely on the statements Washington made to Detective Paulitsch at police headquarters. We are persuaded that a reasonably competent defense lawyer would have used all available evidence in an effort to suppress Washington's statements, including evidence relevant to Washington's cognitive ability to understand both the *Miranda* rights presented to him and the consequences of the waiver of those rights.[1] Because Washington's statements constituted critical evidence supporting the State's prosecution, there is a reasonable probability that had the statements been suppressed, the outcome of trial may have been different.

Washington's claim of ineffective assistance of counsel with respect to the Motion to Suppress Statements was not clearly refuted by the record. Accordingly, Washington was entitled to an evidentiary hearing to present evidence on this issue.[2] Point granted.

## II. Washington was not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel during sentencing.

■ Washington's second point on appeal addresses the performance of his trial counsel during the sentencing phase of his trial. Washington submits that although his trial counsel provided a pre-sentence mitigation report to the trial court, the report contained outdated information regarding his mental health status, and was therefore insufficient. Washington further argues that trial counsel was ineffective for failing to call the person who prepared the mitigation report or any mental health expert to testify on Washington's behalf. Washington asserts that because these facts, if proven, would entitle him to relief, the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing. We disagree.

■ Counsel's presentation of sentencing phase evidence is a matter of professional judgment. *Antwine v. State*, 791 S.W.2d 403, 407 (Mo. banc 1990). "Whether that judgment is effective or ineffective is measured by whether the advocacy was reasonable under the circumstances, not by the sentence the defendant receives." *Id.* "Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc

---

1. Unlike motions for post-conviction relief in which a movant alleges he did not knowingly enter a plea of guilty due to mental or educational limitations, there is no court inquiry in the record that might refute Washington's claims of limited mental functioning that precluded his knowing waiver.

2. We are cautious not to suggest that Movant is necessarily entitled to the relief he seeks should he produce some evidence of limited cognitive functioning at the evidentiary hearing. "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial [or plead guilty]." *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo.App.

W.D.2000) (quoting *Henderson v. State*, 977 S.W.2d 508, 511 (Mo.App. S.D.1998)). Although the issue in *Hubbard* was the defendant's competency to plead guilty, the analysis applies equally here, where Washington claims to lack the mental competency to waive his *Miranda* rights. Whether Washington lacked sufficient mental competency to waive his *Miranda* rights, or whether defense counsel was ineffective in failing to address Washington's mental competency in the Motion to Suppress Statements remains to be determined at an evidentiary hearing and is not established by our holding that Washington is entitled to an evidentiary hearing on his claims.

2004). To establish prejudice for an alleged error during the sentencing phase of trial, a movant must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lesser sentence. *Rush v. State*, 366 S.W.3d 663, 666 (Mo.App. E.D.2012).

Washington has failed to allege facts which, if proven, would establish constitutionally deficient assistance of counsel. The record reflects that defense counsel provided the court with a pre-sentence mitigation report containing information regarding Washington's social, criminal, educational, and mental health history. Defense counsel's decision not to call additional witnesses to testify about Washington's background is generally viewed as a reasonable trial strategy. *See Hutchison*, 150 S.W.3d at 304. We further note that defense counsel asked the trial court to sentence Washington to the minimum sentence of ten years, which is the sentence Washington ultimately received. Under these circumstances, Washington cannot show that defense counsel's performance fell below an objective standard of reasonableness.

Washington has also failed to establish that he was prejudiced by defense counsel's alleged deficiencies. The motion court, which was the same as the trial court, found that the trial court was sufficiently advised by defense counsel of Washington's background and mental limitations and took those factors into account when deciding Washington's sentence. The trial court sentenced Washington to the statutory minimum, leaving only probation as a sentencing alternative. The motion court forcefully stated and found that there was no reasonable probability that the trial court would have considered or granted Washington probation as an alternative to sentencing Washington to the statutory minimum of 10 years. We hold that the motion court's judgment was not clearly erroneous. Point denied.

### Conclusion

The motion court clearly erred in denying Washington an evidentiary hearing on his claim of ineffective assistance of counsel regarding the Motion to Suppress Statements. We reverse and remand for an evidentiary hearing on this issue only. We affirm the judgment of the motion court in all other respects.

MARY K. HOFF, P.J., and ANGELA T. QUIGLESS J., Concur.