

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| BRIAN McBENGE, | ) | No. ED110102 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Deborah J. Alessi |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: December 20, 2022 |

### I.   INTRODUCTION

Brian McBenge ("Movant") appeals from the judgment of the Circuit Court of St. Charles County denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. In his amended motion, Movant alleged his trial counsel was ineffective for, *inter alia*, failing to object to the trial judge sentencing him pursuant to § 557.036.4(2)[2], which he claims was erroneous because the State's seventh and final substitute information did not allege he was a prior or persistent offender, rendering the prior informations containing such allegations a nullity; therefore, the jury should have made a sentencing recommendation pursuant to § 557.036.3. However, even if, *arguendo*, Movant's trial counsel was ineffective for failing to timely object, Movant has failed to establish the requisite prejudice to obtain relief because even if this issue had been timely raised at trial, there is no reason to believe the State would not have

---

[1] All rule references are to Missouri Supreme Court Rules (2021), unless otherwise indicated.
[2] All statutory references are to RSMo (2016), unless otherwise indicated.

simply filed an eighth amended information with the necessary allegation and proved that Movant was a prior offender pursuant to § 558.021.1, which it had previously done to the satisfaction of the trial court twice in the underlying criminal proceedings. We affirm.

## II.   FACTUAL AND PROCEDURAL HISTORY

In 2011, the State charged Movant with one count of murder in the first degree for the 1984 death of Eleonora Knoerschild. On the first day of trial in August 2016, the State raised the matter of Movant's status as a "prior offender" (as defined in § 558.016.2), which had been alleged in the latest information, and the circuit court entered a finding that Movant was a prior offender beyond a reasonable doubt. Movant was convicted following a jury trial of one count of murder in the first degree and sentenced to life in prison without parole. Movant appealed to this Court, which vacated the conviction and remanded the case back to the circuit court for a new trial on the charge of murder in the second degree on grounds not relevant to this appeal. *See State v. McBenge*, 515 S.W.3d 706 (Mo. App. E.D. 2016).

Movant was retried to a jury in September 2018 on the charge of murder in the second degree. At the beginning of the second day of the retrial, the State again pleaded and proved Movant's status as a prior offender, and the circuit court affirmed its prior finding that Movant was a prior offender beyond a reasonable doubt. However, during the fifth and final day of the retrial (i.e., after closing arguments, but before jury deliberation), the State submitted its seventh substitute information. Although the stated purpose of this amended information was to be consistent with the jury instructions, it failed to allege that Movant was a prior or persistent offender, which had been alleged in each of the prior informations. Movant was convicted of one count of murder in the second degree. The judge sentenced Movant to life in prison, which was the maximum sentence permitted under §§ 565.021 and 558.011 for this offense, without a

2

jury recommendation. Movant's trial counsel neither objected to the judge sentencing Movant without a jury recommendation nor filed a motion for new trial; therefore, this issue was not preserved for appellate review.

Movant appealed his conviction, asserting trial court error on two grounds not relevant to this appeal. This Court affirmed Movant's conviction, addressing only the two grounds raised by Movant. *See State v. McBenge*, 594 S.W.3d 296 (Mo. App. E.D. 2020).

Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion that raised three separate claims alleging ineffective assistance of counsel and requested an evidentiary hearing for each claim (the "Motion"). In his first claim, Movant alleged trial counsel was ineffective for failing to object to the judge sentencing him without a jury recommendation.[3] The motion court granted an evidentiary hearing with respect to Movant's two other claims, but did not grant an evidentiary hearing on the sentencing claim. The motion court denied each of Movant's claims. Regarding Movant's sentencing claim, the motion court recognized that even though the seventh and final substitute information failed to allege Movant was a prior or persistent offender, the judge in each trial had made an express finding that Movant was a prior and persistent offender beyond a reasonable doubt.[4] Therefore, the motion court found that Movant was proven to be a prior and persistent offender as a matter of law, and denied Movant's claim without an evidentiary hearing because "the filed records of this case conclusively show that Movant was entitled to no relief."

This appeal follows.

---

[3] In Movant's two other claims, he alleged trial counsel was ineffective for failing to call certain expert witnesses at trial and failing to request that the verdict form of "not guilty" be submitted to the jury.

[4] Based on our review of the trial transcripts, the judge in each trial only found that Movant was a *prior* offender (for an offense that occurred on or about April 20, 1979, which resulted in a guilty plea entered on or about February 4, 1980), but did not find that Movant was a *persistent* offender (since the other two offenses alleged in the prior informations occurred *after* the charged offense in this case).

3

### III. STANDARD OF REVIEW

We review the denial of a Rule 29.15 motion for clear error. Rule 29.15(k); *Hounihan v. State*, 592 S.W.3d 343, 347 (Mo. banc 2019). We presume the motion court correctly made its findings of fact and conclusions of law. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). This presumption is only overcome when, after reviewing the entire record, this Court is "left with a definite and firm impression that a mistake has been made." *Washington v. State*, 415 S.W.3d 789, 792 (Mo. App. E.D. 2013).

We strongly presume counsel acted reasonably and effectively. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019). To overcome this presumption and obtain post-conviction relief, a movant must demonstrate: "(1) trial counsel failed to exercise the level of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate the first component, "a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.* (internal quotation marks removed) (quoting *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009)). To demonstrate prejudice, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

"An evidentiary hearing is not required where 'the motion and the files and record of the case conclusively show that movant is entitled to no relief.'" *White v. State*, 939 S.W.2d 887,

893 (Mo. banc 1997) (quoting Rule 29.15(g) (1988)). Specifically, an evidentiary hearing is not required unless: "(1) the motion [] allege[s] facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Id*. (quoting *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993)).

## IV. DISCUSSION

In his sole point on appeal, Movant contends the motion court erred in denying his Motion without an evidentiary hearing because he alleged unrefuted facts showing his trial counsel was ineffective for failing to object to the judge sentencing him without a jury recommendation. However, in the argument portion of his brief, Movant attempts to frame his ineffective assistance of counsel claim in terms of his trial counsel failing to advise him of his statutory right to a jury sentencing recommendation, and therefore he "unknowingly and involuntarily" waived this right. Regardless of how Movant frames his ineffective assistance of counsel claim, it fails because even if, *arguendo*, Movant's trial counsel was ineffective for either failing to timely object to him being sentenced without a jury recommendation, or failing to advise him of his statutory right to a jury recommendation, Movant has failed to establish the requisite prejudice to obtain relief pursuant to Rule 29.15. Further, Movant has failed to allege facts unrefuted by the record that demonstrate prejudice from the motion court's failure to hold a hearing on this point.

### A. *Applicable Law*

#### 1. Sentencing responsibility

Movant's sentencing argument primarily involves the application of § 557.036, which governs the respective roles of the judge and jury in sentencing a defendant found guilty of a

5

criminal offense. Under § 557.036.2, jury trials proceed in two stages: a guilt phase and a penalty phase. A jury sentencing recommendation is a statutory, not constitutional, right. *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003).

If the State pleads and proves the defendant is a prior offender, the second stage of a jury trial does not proceed and the court assesses the punishment without a jury recommendation. § 557.036.4(2); *see also State v. Nesbitt*, 299 S.W.3d 26, 29 (Mo. App. E.D. 2009)). A "prior offender" is an offender "who has been found guilty of one felony." § 558.016.2; *see also Emery*, 95 S.W.3d at 100.

Section 558.021 governs the procedures for determining whether a defendant is a prior offender, as defined in § 558.016. The court shall find the defendant to be such an offender if: (1) the State pleads "all essential facts" warranting such a finding in the indictment or information (original or amended); (2) the State introduces evidence to warrant such a finding beyond a reasonable doubt; and (3) the court makes factual findings warranting such a finding beyond a reasonable doubt. § 558.021.1. In jury trials, "the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing." § 558.021.2; *see also Nesbitt*, 298 S.W.3d at 29.

### 2. Amended Informations

Amended informations are governed by a statute and a corresponding Supreme Court rule. First, § 545.110 mandates that upon the filing of a second indictment against a defendant, the first indictment shall be deemed suspended and shall be quashed. Although § 545.110 only expressly addresses indictments, Missouri courts recognize that the statute applies equally to informations. *See, e.g., State v. Reichenbacher*, 673 S.W.2d 837, 838 (Mo. App. E.D. 1984). This Court in *Reichenbacher* recognized that "[t]he first charging document is suspended until

6

the second charging document has been dismissed or quashed and cannot form the basis for trial of defendant." *Id*.

Rule 23.10(b) also governs amended charging documents, and similarly provides: "If there are two or more indictments or informations pending against the defendant for the same offense in the same county, the indictment or information last filed shall supersede all indictments or informations previously filed." *See also Browden v. State*, 340 S.W.3d 598, 601 (Mo. App. E.D. 2011).

*B. Analysis*

As with any Rule 29.15 motion claiming ineffective assistance of counsel, to obtain relief the movant must demonstrate that counsel was ineffective and the error complained of was prejudicial. *Shockley*, 579 S.W.3d at 892. In this case, because we find that Movant has failed to demonstrate the requisite prejudice, we need not address whether trial counsel was ineffective for failing to object to sentencing without a jury recommendation. *Strickland*, 466 U.S. at 697.

We find that if Movant's trial counsel had *timely* objected, the State would have had the opportunity to file an eighth substitute information alleging that Movant was a prior offender. *See Emery*, 95 S.W.3d at 103 (recognizing that if the defendant had timely objected, "the state could have realized its error and offered evidence of [the defendants'] prior … offender status"). Because the State had twice previously pleaded and proved Movant's status as a prior offender pursuant to § 558.021.1 to the satisfaction of the trial court, there is no reason to believe the State would not have done so again upon Movant's timely objection. Therefore, pursuant to § 557.036.4(2), the trial could would have been authorized to sentence Movant without a jury recommendation, which is exactly what occurred.

Accordingly, Movant has failed to demonstrate any prejudice resulting from trial counsel's failure to timely object at trial and/or trial counsel's failure to advise Movant of his right to a jury sentencing recommendation pursuant to § 557.036.3.

Point denied.

## V.       CONCLUSION

For these reasons, the motion court did not err in denying the Motion without an evidentiary hearing.  We affirm the judgment of the circuit court.

_____
Kelly C. Broniec, Presiding Judge

Philip M. Hess, J. and
John P. Torbitzky, J. concur.

8